IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBRAYSHIA DOUGLAS**                                                                                                              **PLAINTIFF**

v.                                                                                 **CIVIL ACTION NO. 3:23-CV-329-MPM-RP**

**ENTERGY MISSISSIPPI, LLC**                                                                     **DEFENDANT**

### ORDER

On September 7, 2023, Magistrate Judge Percy entered a Report and Recommendation (R&R) recommending that this *pro* se action be dismissed as frivolous. Judge Percy also recommended that:

> The undersigned RECOMMENDS that if any two or more other cases filed by the plaintiff are dismissed as frivolous prior to the dismissal of this case, then this case be considered the "third strike" for purposes of sanctions. It is recommended that sanctions be imposed against the plaintiff for repeatedly violating Federal Rule of Civil Procedure 11(b) and that she be barred from further filings.

[R&R at 5]. Plaintiff did not file a response in opposition to the R&R, nor did she request additional time to do so. Having considered the Magistrate Judge's R&R, this court concludes that it is well reasoned and should be adopted as its order.

This court notes that, prior to filing this lawsuit, plaintiff filed two other actions which were found by Judge Percy, with very good reason, to be frivolous. *See Debrayshia Douglas v. Marathon Management LLC, et al.*, No. 3:23cv323-MPM-RP and *Debrayshia Douglas v. AT&T Services, Inc.*, No. 3:23cv328-MPM-RP. This court further notes that, while plaintiff is not a prisoner within the meaning of the "three strikes" provision of 28 U.S.C. § 1915(g), the Fifth Circuit has imposed similar sanctions on non-prisoner litigants. In a 1986 decision, for example, the Fifth Circuit wrote that the plaintiff was "dangerously close to, and perhaps he has already

1

reached, the level of vexatiousness held sufficient to justify the imposition of an injunction against another perennial plaintiff, the effect of which was to bar that plaintiff from filing any additional actions without first obtaining leave to do so from the district court." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986).

In another 1986 decision, the Fifth Circuit cautioned that "where monetary sanctions are ineffective in deterring vexatious filings, enjoining such filings would be considered." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). The above authority suggests that, in cases involving non-prisoners, a court should first assess monetary sanctions before considering the more drastic step of enjoining future lawsuits. This court notes that a great deal of monetary inflation has occurred since the Fifth Circuit imposed sanctions of $500 in *Farguson*, and it therefore concludes that a $1,000 sanction is appropriate in this case. As in *Farguson*, this court will require that this amount be paid to this court's clerk, and it warns plaintiff that any future frivolous filings will likely result in her being enjoined from filing any lawsuits in this court, without first obtaining permission from a district judge to do so.

It is therefore ordered that the Magistrate Judge's R&R is adopted as the order of this court, and this case is dismissed with prejudice as frivolous. In light of plaintiff's repeated frivolous filings, this court orders that plaintiff pay $1,000 to this court's clerk.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 29th day of September, 2023.

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI